■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGELO ROCCO, JR., Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated August 25, 1967, which dismissed the writ after a hearing. Judgment affirmed, without costs. Relator's contentions in support of the writ were previously considered and rejected in *People* v. *Rocco* (N. Y. L. J., Oct. 31, 1966, p. 19, col. 6, affd. 28 A D 2d 649, mot. for lv. to app. to the Court of Appeals den. Sept. 19, 1967). (Cf. *People ex rel. Zindulka* v. *McMann*, 8 A D 2d 646; *People ex rel. Noworyta* v. *La Valle*, 13 A D 2d 869; *People* v. *Fink*, 20 A D 2d 935, affd. 15 N Y 2d 679, cert. den. 381 U. S. 906; see, also, *People ex rel. Rocco* v. *Follette*, 29 A D 2d 844.) Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ ROBERT YOUNG, an Infant, by His Guardian ad Litem, MORRIS YOUNG, et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— In a negligence action to recover damages for personal injuries, medical expenses, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered October 31, 1968 after a jury trial on the issues of negligence only, in favor of defendants upon the trial court's dismissal of the complaint at the close of plaintiffs' case. Judgment reversed, on the law, and new trial granted on the issues of liability only, with costs to abide the event. No questions of fact have been considered. Plaintiff Robert Young claims that, while entering Public School 206, in the Borough of Queens, New York City, on a rainy day, he slipped and fell on the wet terrazzo floor in the vestibule. He was then a student of the school and 15 years of age. According to his proof the outside door to the vestibule had remained open all day. After he slipped and fell he noticed that there was dirty water all over the vestibule floor and that this water had a depth of about one quarter of an inch. Although rubber mats were used at other entrances to the school during rainy weather, no such mats were used at this entrance. Defendants had notice that the door to this vestibule had remained open; and a custodian had mopped the floor in question four or five times in the hour preceding the accident. Plaintiffs' expert testified that terrazzo floors are impervious to water and are slippery when wet. He also testified that it was the custom and usage to use rubber mats on terrazzo floors during rainy weather and that mopping would not totally eliminate the slipperiness of a wet terrazzo floor. Taking these facts as true, as we must on this appeal, it is our opinion that it was error to dismiss the complaint at the conclusion of the plaintiffs' case. In these circumstances the question of whether defendants had failed to use reasonable care to prevent or remedy a dangerous condition after receiving notice thereof was for the jury (cf. *Miller* v. *Gimbel Bros.*, 262 N. Y. 107; *Fortgang* v. *Chase Manhattan Bank*, 23 N Y 2d 895; *Gluck* v. *Sunapee Realty Corp.*, 257 App. Div. 658). Beldock, P. J., Brennan, Munder, Martuscello and Kleinfeld, JJ., concur.