■ KATHERINE McGILL, Appellant, v BOHACK CORPORATION, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered April 28, 1978, which is in favor of the defendant and against her, upon the trial court's dismissal of the complaint at the close of the evidence at a jury trial limited to the issue of liability only. Judgment reversed, on the law, and new trial granted with costs to abide the event. The plaintiff seeks recovery for personal injuries allegedly sustained when she fell in the entrance vestibule of a supermarket. The issue presented on her appeal from the dismissal of her complaint at the close of the evidence is whether she presented a prima facie case. The plaintiff is entitled to have the proof read in the light most favorable to her and to have the benefit of the reasonable inferences to be drawn from the proof (see Calvaruso v Our Lady of Peace R. C. Church, 36 AD2d 755, amd 36 AD2d 865). The plaintiff

testified that it rained heavily on February 3, 1972, but there was only a light drizzle at 3:30 P.M. when she left the restaurant where she was employed as a part-time waitress and when she entered the supermarket at 3:45 P.M. the rain had stopped entirely. She observed an accumulation of dirty water in the entrance vestibule between the outer and inner doors to a depth of from three quarters of an inch to one inch. The floor of the vestibule was tile and there were no rubber mats. When she crossed the vestibule the water covered the heels of her shoes. She completed her shopping and her purchases were packed in two shopping carts. She left one cart at the check-out counter and took the other cart to her parked automobile. As she walked out of the store she found as much water on the exit side as there had been on the entrance side when she had entered the store an hour earlier. She unpacked the shopping cart and returned to the store for the second cart, leaving the empty cart outside. It was now approximately 5:00 P.M. The conditions in the vestibule were unchanged and there was the same accumulation of water on the entrance side of the vestibule. She slipped and fell before she reached the inner door. She did not observe any store personnel doing any maintenance work in the vestibule. Two of the defendant's employees testified for the defendant that it was standard practice on a rainy day to keep a mop and pail, with a wringer attached, in the store inside the entrance door handy to the vestibule and to mop the vestibule at half hour intervals; that it was a very busy store with 300 to 400 persons entering the store daily; and that on the day in question there was water in the vestibule from the umbrellas and other things brought into the store. On this record, it cannot be held that there was no rational process by which the jury could have found for the plaintiff (see *Calvaruso v Our Lady of Peace R. C. Church,* 36 AD2d 755, amd 36 AD2d 865, *supra).* The proof presented issues of fact for the jury as to whether the construction of the store was inherently dangerous or whether the defendant failed to use care to remedy conditions which had become dangerous after actual or constructive notice of such conditions and whether the plaintiff had been contributorily negligent (cf. *Miller v Gimbel Bros.,* 262 NY 107). Accordingly, the plaintiff is entitled to a new trial. Damiani, J. P., Shapiro, Margett and Martuscello, JJ., concur.