■ JUAN NOVA, Respondent, v K & B FURNITURE Co., INC., et al., Appellants. [694 NYS2d 21] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered July 6, 1998, which, in an action by plaintiff delivery person for personal injuries sustained in a slip and fall on defendant premises owner's

loading dock, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The deposition testimony of defendant's general manager submitted in support of the motion failed to make a prima facie showing that defendant lacked actual or constructive notice of the debris that allegedly caused plaintiff to fall, the witness having testified that he has no personal knowledge of the accident and is present in the loading area for only a few minutes on any given day (*compare, Strowman v Great Atl. & Pac. Tea Co.,* 252 AD2d 384, 384-385). Accordingly, the motion was properly denied regardless of the sufficiency of plaintiff's opposition (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). In any event, even if defendant's initial showing were deemed sufficient, plaintiff's affidavit in opposition, describing the condition that caused her to slip, was sufficient to raise an issue of fact as to defendant's constructive notice of the debris (*cf., Gordon v American Museum of Natural History,* 67 NY2d 836, 838; *compare, Strowman v Great Atl. & Pac. Tea Co., supra,* at 386). The claimed inconsistencies between this affidavit and plaintiff's deposition testimony merely raise issues of credibility (*see, Meyer v Moreno,* 258 AD2d 315), particularly in view of plaintiff's use of an interpreter at his deposition and possible lack of comprehension of the questions posed. Concur—Ellerin, P. J., Mazzarelli, Rubin, Andrias and Buckley, JJ.