■ JEROME SILVERMAN, Appellant, v MARK PERLBINDER et al., Respondents. [762 NYS2d 386] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 12, 2002, which granted defendants' motions and cross motions for summary judgment and dismissed the complaint, unanimously reversed, on the law, with costs, the motions and cross motions denied and the complaint reinstated.

It is well settled that a proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, advancing sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v*

*City of New York*, 49 NY2d 557, 562 [1980]). On the other hand, to defeat the motion for summary relief, the opposing party must demonstrate disputed issues of fact sufficient to require a trial. Where the moving party, however, has failed to establish that no issues of material fact exist, the motion must be denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Here, defendants have failed to meet their burden in the first instance. In light of the conflicting testimony regarding the subject occurrence, numerous issues of material fact exist including: whether the damage sustained to plaintiff's condominium apartment was caused by the negligence of the tenants in the apartment directly above plaintiff's in allowing debris to accumulate in their terrace's water drain; whether the record owners of the condominium apartment above plaintiff's had actual or constructive notice of this defect; and whether a structural defect existed in the drain pipe about which the condominium and its agents knew or should have known.

Further, in this case, plaintiff's apartment was damaged by a flood which had started in the premises above. This is the type of occurrence which likely would not have happened in the absence of some negligence. The water emanated from an area which was in the exclusive control of defendants and there are no allegations that plaintiff contributed in any way to the flood. Accordingly, it was error for the IAS court to grant summary relief to defendants. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.