■ DESIRE FORD, Appellant, v CITIBANK, N.A., Also Known as CITICORP, Respondent, et al., Defendants. [783 NYS2d 622]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated September 10, 2002, which granted the motion of the defendant Citibank, N.A., also known as Citicorp, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

"In general, to impose liability for an injury proximately caused by a dangerous condition created by weather tracked into a building, a defendant must either have created the dangerous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial actions" (*Friedman v Gannett Satellite Info. Network*, 302 AD2d 491 [2003]; *see Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]; *Negron v St. Patrick's Nursing Home*, 248 AD2d 687 [1998]). In the instant case, the defendant Citibank, N.A., also known as Citicorp (hereinafter Citibank), established its prima facie entitlement to summary judgment as a matter of law by submitting evidence that it took reasonable precautions to remedy wet conditions on its premises caused by a lengthy rainstorm (*see Miller v Gimbel Bros.*, 262 NY 107 [1933]; *Sook Ja Lee v Yi Mei Bakery Corp.*, 305 AD2d 579 [2003]). In this

regard, Citibank provided two mats and mopped its lobby floor within one hour prior to the time that the plaintiff allegedly slipped and fell. There was no evidence that Citibank created the wet condition, and it "was not obligated to provide a constant remedy to the problem of water being tracked into a building in rainy weather" (*Yearwood v Cushman & Wakefield, supra* at 568; *see Spooner v New York City Tr. Auth.,* 298 AD2d 575, 575-576 [2002]; *Hussein v New York City Tr. Auth.,* 266 AD2d 146 [1999]). Moreover, Citibank demonstrated that it had no actual notice of the particular accumulation of water on the floor which caused the plaintiff to fall, and in the absence of proof as to how long this specific wet condition existed, there is no evidence to permit an inference that Citibank had constructive notice of the condition (*see Yearwood v Cushman & Wakefield, supra* at 568; *Kershner v Pathmark Stores,* 280 AD2d 583, 584 [2001]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The affidavit of the plaintiff's expert was conclusory and unsubstantiated. Thus, it was insufficient to raise an issue of fact with respect to whether Citibank acted unreasonably on the day of the plaintiff's accident (*see Ambrosio v South Huntington Union Free School Dist.,* 249 AD2d 346, 346-347 [1998]). Furthermore, the plaintiff failed to proffer any evidence demonstrating either that Citibank had actual notice of the accumulation of water upon which she fell or that the condition was visible and apparent for a sufficient length of time to impute constructive notice (*see Izrailova v Rego Realty,* 309 AD2d 902, 902-903 [2003]; *Chemont v Pathmark Supermarkets,* 279 AD2d 545 [2001]; *Negron v St. Patrick's Nursing Home, supra* at 687). Accordingly, the Supreme Court properly granted Citibank's motion for summary judgment dismissing the complaint insofar as asserted against it. Smith, J.P., Goldstein, Crane and Cozier, JJ., concur.