■ DORRETH MURPHY, Respondent, v LAWRENCE TOWERS APARTMENTS, LLC, Appellant. [789 NYS2d 532]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated May 14, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"[T]o impose liability for an injury proximately caused by a dangerous condition created by [water being] tracked into a building [in rainy weather], a defendant must either have created the dangerous condition, or had actual or constructive notice of the condition, and a reasonable time to undertake remedial actions" (*Friedman v Gannett Satellite Info. Network*, 302 AD2d 491 [2003]; *see Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by offering admissible evidence demonstrating that it took reasonable precautions to remedy the wet condition on its premises caused by the rain (*see Miller v Gimbel Bros.*, 262 NY 107 [1933]; *Ford v Citibank, N.A.*, 11 AD3d 508 [2004]). There was no evidence that the defendant created the wet condition, and it "was not obligated to provide a constant remedy to the problem of water being tracked into a building in rainy weather" (*Yearwood v Cushman & Wakefield, supra* at 568; *see Ford v Citibank, N.A.*,

*supra* at 508). Further, the defendant demonstrated that it had no actual notice of the particular accumulation of water that allegedly caused the plaintiff to fall. Since there was no evidence that the condition complained of was present for a sufficient period of time for the defendant to have discovered and remedied it, there was no basis for an inference that the defendant had constructive notice of the condition (*see Yearwood v Cushman & Wakefield, supra* at 569; *see also Ford v Citibank, N.A., supra* at 509; *Spooner v New York City Tr. Auth.,* 298 AD2d 575, 575-576 [2002]).

In opposition, the plaintiff failed to raise a triable issue of fact regarding whether the defendant created or had actual or constructive notice of the dangerous condition (*see Ford v Citibank, N.A., supra* at 509; *Yearwood v Cushman & Wakefield, supra* at 568; *Kraemer v K-Mart Corp.,* 226 AD2d 590 [1996]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.