SARA ELBERT et al., Appellants, v DOVER LEASING, LP, et al., Respondents. [808 NYS2d 256]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings

County (Schmidt, J.), dated June 9, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff Sara Elbert allegedly was injured when she slipped and fell on an accumulation of water near the elevator of a building owned and operated by the defendants. She and her husband commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, arguing that the accumulation of water was created by rain which was ongoing at the time of the accident. The defendants asserted that they were not obligated to provide a constant remedy to the problem of water being tracked into the building in rainy weather, or to place rubber mats on the floor (*see Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]; *Greenwald v Gerritsen Foodtown Corp.*, 260 AD2d 349 [1999]).

However, even assuming that the accumulation of water was the result of rain having been tracked into the building, the defendants failed to proffer competent evidence sufficient to make out a prima facie case that they undertook reasonable precautions to remedy the accumulation (*see Miller v Gimbel Bros.*, 262 NY 107 [1933]; *Murphy v Lawrence Towers Apts., LLC, supra; Ford v Citibank, N.A.*, 11 AD3d 508 [2004]). Rather, the defendants submitted the deposition testimony of the current property manager for the subject premises, who was not employed by the defendants at the time of the accident, and who had not made any inquiry and lacked personal knowledge of any of the relevant facts. Accordingly, the defendants failed to demonstrate that they did not create the alleged dangerous and defective condition, or had actual or constructive notice of same and a reasonable time to undertake remedial measures (*see Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754 [2004]). Thus, their motion for summary judgment should have been denied regardless of the sufficiency of the plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). S. Miller, J.P., Ritter, Rivera and Dillon, JJ., concur.