■ REUBEN RUCK, Respondent, v LEVITTOWN NORSE ASSOCIATES, LLC, Defendant, and RITE AID CORPORATION, Appellant. [812 NYS2d 567]—

In an action to recover damages for personal injuries, the defendant Rite Aid Corporation appeals from an order of the Supreme Court, Kings County (Douglass, J.), dated January 19, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

The plaintiff allegedly was injured when he fell in a puddle of water just after entering the appellant's store. It had been raining all day, and in addition to the carpets that were always present in the vestibule and just inside the entrance, the store placed several warning devices throughout the store advising customers about the wet floors. The store manager and a security guard testified at their examinations before trial that, in addition to these precautions, store employees were instructed to mop water on the floor as soon as they saw it. In fact, according to these witnesses, the area of the floor where the plaintiff fell was mopped less than 10 minutes before the accident.

The appellant established its prima facie entitlement to summary judgment by demonstrating that it took reasonable precautions to remedy the wet condition on its premises caused

by the rain (*see Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]; *Ford v Citibank, N.A.*, 11 AD3d 508 [2004]). There was no evidence that the appellant created the wet condition, and it was not obligated to provide a constant remedy to the problem of water being tracked into its store in rainy weather (*see Murphy v Lawrence Towers Apts., LLC, supra; Ford v Citibank, N.A., supra*). Further, the appellant demonstrated that it had no actual notice of the wet condition that allegedly caused the plaintiff to fall, and in the absence of proof that the condition was present for a sufficient period of time for the appellant to have discovered and remedied it, there is no basis for an inference that the appellant had constructive notice (*see Murphy v Lawrence Towers Apts., LLC, supra; Ford v Citibank, N.A., supra*).

In opposition to the appellant's motion, the plaintiff submitted an affidavit in which he stated for the first time that the water was dirty and grey, and had footprints around and through it, some of them dried and caked to the floor. Thus, the plaintiff contended that he had raised a triable issue of fact as to whether the appellant had constructive notice of the wet condition. However, the plaintiff's affidavit presented a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony (*see Semple v Sterling Estates*, 300 AD2d 297 [2002]; *Manzione v Wal-Mart Stores*, 295 AD2d 484 [2002]; *Marcelle v New York City Tr. Auth.*, 289 AD2d 459 [2001]; *Irving v Foodtown Supermarket*, 288 AD2d 345 [2001]). At his deposition, the plaintiff was asked to describe the water in which he fell, "in terms of size or any other terms that you feel is appropriate." He described the size of the puddle of water, but did not describe the water as dirty and grey or as having footprints around and through it. He did not describe the water in any terms other than size until faced with the appellant's motion for summary judgment.

Because the plaintiff failed to raise a triable issue of fact as to whether the appellant either created the wet condition or had actual or constructive notice of it, the Supreme Court should have granted the motion. Schmidt, J.P., Santucci, Mastro and Lifson, JJ., concur.