■ FOTINA KORMUSIS, Appellant, v JEFFREY GARDENS APARTMENT CORP. et al., Respondents. [817 NYS2d 655]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Schulman, J.), entered May 25, 2005, which, upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of her case, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of liability, with costs to abide the event.

The plaintiff slipped and fell on the staircase leading from her apartment to the lobby of her apartment building, which was owned by the defendant Jeffrey Gardens Apartment Corp. and managed by the defendant SMS Management (collectively the defendants). Thereafter, she sued the defendants, alleging, inter alia, that the terrazzo stairs leading from her apartment to the building's lobby were wet and slippery due to melting snow tracked in from the outside, and that this defective condition caused her to fall. Prior to the start of the liability phase of this bifurcated trial, the Supreme Court, inter alia, granted the defendant's motion to preclude the plaintiff's expert from testifying as to the need for anti-skid or safety strips on the aforementioned stairs. At the close of the plaintiff's proof at the trial on the issue of liability, the court granted the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law on the ground that the plaintiff failed to make out a prima facie case showing that the defendants had constructive notice of the alleged defect. This was error. We therefore reverse the judgment and grant the plaintiff a new trial on the issue of liability.

When, as here, only constructive notice is alleged, the plaintiff must show that the defect existed for a sufficient time to have allowed the property owner the opportunity to discover and cure it (*see e.g. Gonzalez v Jenel Mgt. Corp.,* 11 AD3d 656 [2004]; *see generally Gordon v American Museum of Natural History,* 67 NY2d 836, 838 [1986]). At trial, the proof showed that more than six inches of snow fell on the day before the plaintiff's accident and that the snowfall ended more than 11 hours prior to the plaintiff's accident. Moreover, there was proof that there was snow on the ground outside and that the pavement outside was wet. There was also some proof that the defendants were aware that water was being tracked into the lobby and that the stairs themselves might be wet, as shown by the placement of a floormat in the lobby of the plaintiff's building. Viewed in the light most favorable to the plaintiff, we find that there was sufficient evidence to submit to the jury the issue of whether or not the defendants had constructive notice of the allegedly defective condition (*see Bracco v Puntillo Ltd. Partnership,* 19 AD3d 624 [2005]; *McGill v Bohack Corp.,* 69 AD2d 853 [1979]; *Young v City of New York,* 33 AD2d 915 [1970]; *cf. Palermo v Roman Catholic Diocese of Brooklyn, N.Y.,* 20 AD3d 516 [2005]; *Murphy v Lawrence Towers Apts., LLC,* 15 AD3d 371 [2005]; *Ford v Citibank, N.A.,* 11 AD3d 508 [2004]).

Since we are remitting this matter for a new trial on the issue of liability, we note that it was error to have precluded the plaintiff's expert from testifying as to the need for safety or anti-skid strips on the terrazzo stairs (*see generally Ochoa v Jacobsen Div. of Textron, Inc.,* 16 AD3d 393 [2005]; *Wichy v City of New York,* 304 AD2d 755 [2003]; *see also Ford v Citibank, N.A, supra* at 509). Florio, J.P., Miller and Goldstein, JJ., concur.

Lunn, J., dissents and votes to affirm, with the following memorandum: I respectfully must dissent from my colleagues' conclusion that the plaintiff made a prima facie showing that the defendants had constructive notice of the allegedly defective condition. Merely establishing that it snowed the previous day and that the pavement outside of the plaintiff's apartment was wet on the morning of her fall did not establish constructive notice of the allegedly dangerous condition of the stair upon which the plaintiff fell. Additionally, the defendants' placement of a floor mat in the building lobby also does not provide any evidence as to the length of time water may have been on the stairs. There was no testimony, or other evidence, as to the number of people, if any, who may have entered the building that morning. The plaintiff herself only became aware of the water on the step after she fell and she was unable to state how

long it was there. The plaintiff offered no proof of any prior complaints of water on the stairs. "[P]roof of a general awareness that a dangerous condition may be present is not sufficient to establish notice of the particular condition which caused a plaintiff to fall" (*Gonzalez v Jenel Mgt. Corp.,* 11 AD3d 656 [2004], quoting *Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969 [1994] [internal quotation marks omitted]). Here, any conclusion as to how long the water may have been on the stair would amount to pure speculation.

The plaintiff also presented no evidence at the trial that water on the stairs, either from rain or snow tracked into the building, was a recurrent dangerous condition. At best, the plaintiff only established a general awareness of a possible recurring condition. "[P]roof that the defendant was aware of this general condition would not be sufficient to establish constructive notice of the particular wet condition on the [stairs] which caused the plaintiff to slip" (*Yearwood v Cushman & Wakefield,* 294 AD2d 568, 569 [2002]; *see Gonzalez v Jenel Mgt. Corp., supra; Kershner v Pathmark Stores,* 280 AD2d 583, 584 [2001]). The Supreme Court properly determined that the plaintiff failed to establish the required element of constructive notice and properly dismissed the complaint at the close of her proof (*see Gonzalez v Jenel Mgt. Corp., supra*). Accordingly, I dissent.

Contrary to the view of the majority, it was also proper for the trial court to preclude the plaintiff's expert from testifying as to the need for safety or anti-skid strips on the terrazzo stairs. "The simple fact that a floor is slippery does not support a cause of action to recover damages for negligence, and it does not give rise to an inference of negligence in the absence of evidence of, for example, the negligent application of floor wax or polish" (*Beyda v Helmsley Enters.,* 261 AD2d 563, 564-565 [1999]; *see e.g. Guarino v La Shellda Maintenance Corp.,* 252 AD2d 514 [1998]; *Lathan v NCAS Realty Mgt. Corp.,* 240 AD2d 474 [1997]; *Paul v Roman Catholic Church of Holy Innocents,* 226 AD2d 515 [1996]).