■ SUSAN M. DORSEY, Appellant, v LES SANS CULOTTES et al., Respondents. [842 NYS2d 360]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 7, 2005, which granted defendant restaurant Les Sans Culottes's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Defendant Les Sans Culottes failed to meet its initial burden of coming forward with admissible evidence demonstrating prima facie that it neither created nor had actual or constructive notice of the condition that caused the mat under plaintiff's feet to slip from underneath her (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Silverman v Perlbinder*, 307 AD2d 230 [2003]). As the restaurant's owner was in France on the evening of the accident, his deposition testimony regarding the customary procedures of cleaning the floors and mats was not probative of what happened on the day in question, i.e., whether anything was spilled that evening or how the floors were cleaned on that day, and should have been rejected (*see Elbert v Dover Leasing, LP*, 24 AD3d 497 [2005]). In the absence of an affidavit of a person with personal knowledge, Les Sans Culottes's motion should have been denied without regard to the sufficiency of plaintiff's opposition papers (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Concur—Tom, J.P., Sullivan, Williams, Buckley and Malone, JJ.