■ ZAMIL UDDIN, Appellant, v CITY OF NEW YORK et al., Respondents. [931 NYS2d 14]—

Plaintiff alleged that he was injured when water and an unidentified metal object fell onto the windshield of his vehicle while he was driving on the lower roadway of the Queensboro Bridge, causing him to lose control of his vehicle and strike a divider. Plaintiff asserted causes of action for negligence, claiming that the accident was the result of paint removal work being performed on the bridge.

Defendants met their burden of establishing prima facie entitlement to summary judgment by presenting evidence that on the day of the accident, they were not working on the bridge at the time plaintiff collided with the divider. Defendants also presented evidence that the abrasive blasting work being performed did not utilize water. In opposition, plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Silverman v Perlbinder, 307 AD2d 230, 231 [2003]). Indeed, despite counsel's argument on appeal, the record discloses that plaintiff never testified that his vehicle was struck by sand or "sand pellets."

Contrary to plaintiff's argument, the motion court correctly concluded that the doctrine of res ipsa loquitur was not applicable. Even if the accident occurred because of negligence, the record reveals that another contractor was present at the accident location on the day in question and that this nonparty was performing abrasive blasting operations. It is well settled that the doctrine is applicable only in those situations where the injury-producing agency is within the exclusive control and possession of the entity charged with negligence (Mercatante v City of New York, 286 App Div 265, 267-268 [1955]). Since it thus may be equally inferred that the accident might have been due to causes in no way connected with defendants' negligence, the rule of res ipsa loquitur may not be invoked (id.).

Plaintiff's argument that the paint removal work which involved abrasive blasting constitutes an inherently dangerous activity and therefore defendants are strictly liable is unavailing. Plaintiff never asserted a strict liability claim and the statute of limitations for such a claim has expired (see CPLR 203 [f]; 214). Concur—Mazzarelli, J.P., Friedman, Catterson, Moskowitz and Abdus-Salaam, JJ.