OPINION OF THE COURT
David I. Schmidt, J.
In this action to recover damages for personal injuries, defendant Beth Jacobs Teachers Seminary of America Inc. (Beth Jacobs) moves for an order granting summary judgment dismissing the complaint in its entirety. Third-party defendants, Beth Jacob Day Care Center and Beth Jacob of Boro Park (collectively, Boro Park), cross-move for an order granting summary judgment, dismissing the third-party complaint and any cross claims, including claims for contractual and/or common-law indemnity.
For the reasons that follow, Beth Jacobs’ motion for summary judgment is denied. The cross motion by Boro Park is granted to the extent that Beth Jacobs’ claim for contractual indemnification is dismissed. The cross motion is denied in all other respects.
I. Background
On June 21, 2009, at approximately 9:00 a.m., plaintiff Elkie Kuznicki left her home to attend a ceremony for her granddaughter, who was graduating from Boro Park. The ceremony was scheduled to take place on the premises of Beth Jacobs, another school in the same neighborhood.
Rabbi Yitzchok Kaplan, the administrator of Beth Jacobs, was responsible for overseeing the operations of the school. Rabbi Kaplan had given permission to Rabbi Yerucham Shapiro, the administrator for Boro Park, to use Beth Jacobs’ facility for the purpose of holding the graduation. The agreement was reached during a phone conversation and was not reduced to writing. Allegedly, permission to use Beth Jacobs’ facility was given with *289 the “express verbal understanding that Boro Park would be responsible for any maintenance and/or cleaning that may arise out of its use of the school that day.” (See affirmation of Andrew L. Klauber, exhibit H; aff of Yitzchok Kaplan ¶ 3.)
At her examination before trial, Kuznicki testified that it was raining on the morning of her fall, and it continued to rain steadily when she arrived at Beth Jacobs at roughly 9:30 a.m. Once inside the building, Kuznicki noticed two mats placed on the floor immediately inside the front door. Additionally, she noticed that the floor left uncovered by mats was wet with puddled water. At the time, Kuznicki observed a number of people walking in and out of the lobby area carrying umbrellas that dripped water onto the floor at the entrance. Kuznicki then proceeded into the auditorium to find a seat her daughter had reserved for her.
Looking over the event program as she sat waiting for the ceremony to begin, Kuznicki recognized the name of one of the graduates. After remaining in the auditorium for about 30 minutes, Kuznicki decided to go back outside to purchase a gift for this graduate from a street vendor. As she exited the building, Kuznicki noticed that there were still puddles of water on the lobby floor.
After spending about three to four minutes purchasing a gift from the vendor, Kuznicki reentered the building through the same doors she had previously used. She testified that it was still raining while she was making her purchase from the vendor. After crossing over the mats in the entranceway, Kuznicki took two steps before slipping and falling, allegedly causing serious injury.
Defendant Beth Jacobs asserts a right to summary judgment dismissing the complaint in its entirety on several alternative theories.*
First, due to the fact that it was raining on the day and at the time plaintiff incurred her injuries, the “storm in progress” doctrine removed any duty that defendants may have had to clear the interior of the building of water accumulation.
Second, even assuming the “storm in progress” doctrine was inapplicable to this set of facts, defendants contend that the *290 complaint should be dismissed because they neither created the alleged wet condition nor did they have actual or constructive notice of the same.
Third, because plaintiff admitted to noticing the water on the lobby floor when she first entered the school building and when she subsequently left the building, immediately prior to her accident, the alleged wet condition was open and obvious, removing any duty to protect plaintiff from the condition.
Finally, Beth Jacobs urges this court to hold that, as a matter of law, by having laid out two mats in the entranceway of the school, it satisfied any duty of care that it may have owed to plaintiff.
Third-party defendant Boro Park asserts a right to summary judgment dismissing the third-party complaint because Boro Park did not owe a legal duty to plaintiff. In this regard, Boro Park argues that there is no evidence suggesting that Boro Park’s use of the facilities displaced Beth Jacobs’ duty to maintain its own premises. Additionally, Boro Park argues that even assuming it was negligent in some manner, nothing in the record would indicate that Boro Park was the sole negligent party, to allow for common-law indemnification. Finally, Boro Park contends that there is no contractual basis for Beth Jacobs’ claim of contractual indemnification.
II. Discussion
To prevail on a motion for summary judgment, the proponent must make a prima facie showing of entitlement to judgment as a matter of law, tendering evidentiary proof in admissible form. (See Zuckerman v City of New York, 49 NY2d 557, 560 [1980].) Once this showing has been made, the burden shifts to the party opposing the motion to rebut the prima facie showing by producing evidentiary proof in admissible form sufficient to require a trial of material issues of fact. (See Kaufman v Silver, 90 NY2d 204, 208 [1997].) Additionally, in deciding the motion, the court must view the evidence in a light most favorable to the party opposing the motion and must give that party the benefit of every favorable inference. (Negri v Stop & Shop, 65 NY2d 625, 626 [1985].)
A. Beth Jacobs’ Motion
1. “Storm in Progress” Doctrine
It is well-settled that a landowner owes a duty of reasonable care under the circumstances to prevent injuries to third parties *291 from conditions on their property. (Basso v Miller, 40 NY2d 233 [1976].) Additionally, in order to establish a prima facie case of negligence in a slip and fall case, the plaintiff must demonstrate that the defendant created the dangerous condition that caused the accident or the defendant had actual or constructive notice of that condition and failed to remedy it within a reasonable time. (Gordon v American Museum of Natural History, 67 NY2d 836 [1986].)
However, landowners may be excused from liability altogether for hazardous conditions caused by an ongoing storm. (See Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005].) This so-called “storm in progress” doctrine has developed through the common law in recognition of the practical difficulties that landowners face in remedying storm-created hazards on their premises. (See e.g. Kelly v Manhattan Ry. Co., 112 NY 443, 451 [1889], abrogated by Bethel v New York City Tr. Auth., 92 NY2d 348 [1998] [“The presence of snow or ice upon exposed places on moving cars is an accident of the hour, and no ordinary diligence could, during the prevalence of a storm, wholly remove its effects from the places exposed to its action, so as to prevent accidents to heedless and inattentive travelers.”].) Thus, as the Court of Appeals more recently explained, “[a] property owner will not be held liable in negligence for a plaintiffs injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter.” (Solazzo, 6 NY3d at 735.)
Although the storm in progress doctrine may obviate a landowner’s duty to correct snow and ice conditions that develop outdoors during the course of a winter storm, it has not been applied to completely remove the duty of ensuring the interior of a building remains adequately safe, even during the course of a storm. (See Miller v Gimbel Bros., 262 NY 107, 108 [1933]; Milano v Staten Is. Univ. Hosp., 73 AD3d 1141 [2d Dept 2010] [finding an issue of fact regarding constructive notice in a slip and fall that occurred in a hospital hallway, regardless of the undisputed fact that precipitation in the form of rain and snow was falling outside at the time of the accident].)
Generally, the doctrine’s effect on a landowner’s liability in a slip and fall case is determined by consideration of the nature of the storm in conjunction with what could be done to remedy a hazardous condition thereby created. (See Ford v Citibank, N.A., 11 AD3d 508 [2d Dept 2004] [determining that, as a matter of law, defendant’s actions were reasonable under the circum *292 stances].) More specifically, the storm in progress doctrine diminishes a landowner’s duty during an ongoing rain storm to the extent that the landowner is not required to take extraordinary or unreasonable precautions, such as covering all floors with mats or continuously mopping the water brought in from outside precipitation. (Dubensky v 2900 Westchester Co., LLC, 27 AD3d 514 [2d Dept 2006].)
However, at the summary judgment stage, the use of the storm in progress doctrine as a defense in a slip and fall case, when it occurs inside a building, has only been upheld on two grounds. Either, the plaintiff was unable to establish actual or constructive notice or, it was found that, as a matter of law, the defendant exercised reasonable care. (See e.g. Ford v Citibank, NA., 11 AD3d 508 [2004].) Significantly, however, the doctrine has never been applied to completely eliminate a landowner’s duty to remedy hazardous storm-related conditions occurring inside a building. (See generally LoSquadro v Roman Catholic Archdiocese of Brooklyn, 253 AD2d 856 [2d Dept 1998]; Dubensky v 2900 Westchester Co., LLC, 27 AD3d 514 [2006]; Hilsman v Sarwil Assoc., L.P., 13 AD3d 692 [3d Dept 2004].) Therefore, Beth Jacobs’ first argument that the storm in progress doctrine completely obviates its duty is without merit.
Turning to Beth Jacobs’ second argument, that it lacked notice of the hazardous condition, Kuznicki has satisfied the burden of showing a question of fact regarding constructive notice. In order to impute constructive notice, a defect “must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant’s employees to discover and remedy it.” (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986].) Here, Kuznicki testified that she observed puddles of water accumulating in the entranceway roughly 40 minutes prior to her injury. A reasonable jury could conclude that, given this amount of time, a reasonable landowner should have been aware of the hazardous condition.
Moreover, defendant’s fourth argument, i.e., that its duty of care to plaintiff was satisfied by merely placing two mats at the entranceway, cannot be decided as a matter of law. Absent a showing that additional precautions were undertaken to prevent plaintiff’s injuries, the reasonableness of defendant’s actions remain a question of fact. For this reason, Beth Jacobs’ reliance on Ford is misplaced. There, the Second Department upheld this court’s finding that the defendant there established prima *293 facie entitlement to summary judgment when it submitted evidence showing that it took adequate precautions under the circumstances to remedy wet conditions on its premises during a lengthy rainstorm, including providing maintenance staff to inspect and clean any water accumulation at regular intervals. (Ford, 11 AD3d at 508.) Here, the adequacy of simply placing two mats given the weather conditions at the time of the incident, is a question of fact for the jury. (See Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 517-519 [1980].)
2. Beth Jacobs’ Remaining Contention
Beth Jacobs also argues that, based on plaintiffs admission that she noticed the wet condition of the floor prior to her fall, the condition was open and obvious, precluding liability. However, this argument is without force as it is well settled that “the open and obvious nature of an allegedly dangerous condition is relevant to the issue of the comparative fault of the plaintiff and does not preclude a finding of liability against the landowner.” (Cupo v Karfunkel, 1 AD3d 48, 49 [2d Dept 2003] [emphasis added].) Thus, even assuming arguendo that the hazard was open and obvious, summary judgment would be inappropriate based merely on such a finding.
B. Boro Park’s Cross Motion
Defendant Beth Jacobs filed a third-party complaint against Boro Park, seeking contractual and/or common-law indemnification based on the parties’ alleged verbal agreement, by which Beth Jacobs claims Boro Park agreed to be responsible for “any maintenance and/or cleaning that may arise out of its use of the school that day.” (See aff of Yitzchok Kaplan ¶ 3.) In support of its cross motion to dismiss the third-party complaint, Boro Park argues that, absent a written agreement displacing Beth Jacobs’ duty to maintain its own premises, the claim for contractual indemnification must fail as a matter of law. Further, Boro Park argues that because there is no evidence that it was negligent or somehow owed a legal duty to plaintiff, the claim for common-law implied indemnification must also fail.
As an initial matter, the claim for contractual indemnification must be dismissed. It is well settled that “there is no right to contractual indemnification without a clear and unambiguous right to such indemnification specifically set forth in a contract.” (See Hooper Assoc. v AGS Computers, 74 NY2d 487, *294 491-492 [1989].) Here, taking the facts in the light most favorable to the nonmoving party, Beth Jacobs, the agreement only stipulated that Boro Park would be responsible for maintenance or cleaning of the school building during its use of the facility. At most, this merely created a duty on the part of Boro Park to reasonably maintain the premises. Absent language expressing a clear and unambiguous intention to indemnify, this court must dismiss the claim for contractual indemnification as a matter of law. (See id.)
Although the alleged oral agreement does not provide a basis for contractual indemnification, it does provide adequate grounds to withstand summary judgment to dismiss the claim for common-law indemnification. “Indemnity . . . involves an attempt to shift the entire loss from one who is compelled to pay for a loss, without regard to his own fault, to another person who should more properly bear responsibility for that loss.” (County of Westchester v Welton Becket Assoc., 102 AD2d 34, 46-47 [2d Dept 1984], affd 66 NY2d 642 [1985].) Where, as here, the right to indemnification is not expressly provided by the parties’ contract, the right may be implied by law to prevent an unfair result or the unjust enrichment of one party at the expense of the other. (Mas v Two Bridges Assoc., 75 NY2d 680, 690 [1990]; see also County of Westchester v Welton Becket Assoc. at 47.)
Here, the main theory of liability advanced by plaintiff is negligent failure by Beth Jacobs to maintain its entranceway to the auditorium in which the graduation for Boro Park was to be held. However, if assuming, as the court must, that the agreement to use the facility was contingent on Boro Park assuming the duty to provide “any maintenance and/or cleaning that may arise out of its use of the school,” then any liability attaching to Beth Jacobs would be the result of a breach of that agreement. Under the circumstances involved, this would result with vicarious liability on the part of Beth Jacobs because of the duty imposed on a landlord to keep their premises reasonably safe. Accordingly, should plaintiff be successful on this claim against Beth Jacobs, equitable principles would warrant a recovery in indemnity notwithstanding a separate finding of negligence on the part of Beth Jacobs. (See Mas v Two Bridges Assoc. at 690.) Thus, that portion of Boro Park’s cross motion for summary judgment dismissing the claim for common-law indemnification must be denied.
*295 III. Conclusion
Accordingly, Beth Jacobs’ motion for summary judgment is denied. The cross motion by Boro Park is granted to the extent that Beth Jacobs’ claim for contractual indemnification is dismissed, and is denied in all other respects.

 In brief, third-party defendant Boro Park fully adopts the arguments contained in Beth Jacobs’ motion for summary judgment. The court’s analysis of these arguments in regards to Beth Jacobs applies with equal force to Boro Park. As such, in regard to Boro Park, the court will address only the arguments that are distinct from those offered by Beth Jacobs.