Radosta v Schechter (2019 NY Slip Op 02916)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Radosta v Schechter

2019 NY Slip Op 02916

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-11358
(Index No. 7292/14)

[*1]Deborah Radosta, et al., appellants, 
vRobert Schechter, etc., defendant, 7-Eleven Incorporated, et al., respondents.

Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser and Gabriel A. Arce-Yee of counsel), for appellants.
Sobel Pevzner, LLC, Huntington, NY (Nicole Licata-McCord of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated September 6, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants 7-Eleven Incorporated, Southland Corporation, 7-Eleven, Inc., and Mary Said which was for summary judgment dismissing the complaint insofar as asserted against the defendants 7-Eleven Incorporated, Southland Corporation, and Mary Said.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Deborah Radosta (hereinafter the injured plaintiff) allegedly was caused to slip and fall on clear rain water that had accumulated near the front entrance inside a 7-Eleven store in Smithtown. The defendant Robert Schechter, doing business as 7-Eleven Store No. 11198, owned the building where the store was located. The defendant 7-Eleven, Inc., as franchisor, leased the premises from Schechter. The defendant Mary Said was the franchisee of the store at the time of the accident. Said had her own employees who helped her operate and maintain the store.
In this consolidated action, the injured plaintiff, and her husband suing derivatively, allege that the defendants were negligent in, among other things, their maintenance of the premises. 7-Eleven Incorporated, Southland Corporation, 7-Eleven, Inc., and Said (hereinafter collectively the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground, among others, that they did not create or have actual or constructive notice of the wet condition. 7-Eleven, Inc., also asserted that it was an out-of-possession franchisor that did not exercise control over the daily operations or maintenance of the store. The Supreme Court granted the motion. The plaintiffs appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against 7-Eleven Incorporated, Southland Corporation, and Said. The plaintiffs contend that triable issues of fact exist as to whether 7-Eleven Incorporated, Southland Corporation, and Said had constructive notice of the wet condition.
In general, to impose liability for an injury proximately caused by a dangerous condition created by precipitation tracked into a building, a defendant must either have created the dangerous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial actions (see Hickson v Walgreen Co., 150 AD3d 1087, 1087-1088; Ford v Citibank, N.A., 11 AD3d 508). A defendant has constructive notice of a dangerous condition when the dangerous condition is visible and apparent, and existed for a sufficient length of time before the accident that is could have been discovered and corrected (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Hickson v Walgreen Co., 150 AD3d at 1088). "To meet its initial burden of the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see Rogers v Bloomingdale's, Inc., 117 AD3d 933).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar asserted against 7-Eleven Incorporated, Southland Corporation, and Said by demonstrating that Said and her employees took reasonable precautions to remedy the wet condition on the premises caused by the tracked-in rain on the day of the accident (see Ruck v Levittown Norse Assoc., LLC, 27 AD3d 444; Ford v Citibank, N.A., 11 AD3d at 508-509). It is undisputed that it was raining heavily on the day of the accident, and that there was a mat just inside the front entrance to the store. Said testified at her deposition that store employees were instructed to dry-mop water from the floor every 15 minutes on days it rained. At his deposition, one of Said's employees testified that he mopped water as soon as he observed it. Moreover, the evidence submitted in support of the defendants' motion demonstrated that the employee dry-mopped the area of the floor where the injured plaintiff allegedly fell approximately 15 to 25 minutes before the accident occurred. Said and her employees were not obligated to provide a constant remedy to the problem of water being tracked into the store in rainy weather (see Hickson v Walgreen Co., 150 AD3d at 1087; Ruck v Levittown Norse Assoc., LLC, 27 AD3d at 445; Yearwood v Cushman & Wakefield, 294 AD2d 568). Further, the defendants demonstrated that the condition was not present for a sufficient period of time for the defendants to have discovered and remedied it, and therefore, there is no basis for an inference that they had constructive notice (see Seung Chul Na v JP Morgan Chase & Co., 123 AD3d 903; Ruck v Levittown Norse Assoc., LLC, 27 AD3d at 445). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against 7-Eleven Incorporated, Southland Corporation, and Said.
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court