Price v BFP Tower C Co., LLC (2023 NY Slip Op 02338)

Price v BFP Tower C Co., LLC

2023 NY Slip Op 02338

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-03323
 (Index No. 516276/16)

[*1]Ricky Price, et al., appellants, 
v
BFP Tower C Co., LLC, et al., respondents.

Friedman & Simon, LLP, Jericho, NY (Roger L. Simon of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated February 19, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' cross-motion pursuant to CPLR 3126 to strike the answer of the defendants American Express Company and American Express Travel Related Services Company, Inc., for failure to comply with discovery demands.
ORDERED that the order is affirmed, with costs.
The plaintiff Ricky Price (hereinafter the injured plaintiff) allegedly was injured while entering a lobby of a building through a revolving door when he slipped and fell on rainwater that had been tracked onto the floor beneath the revolving door. The injured plaintiff, and his wife suing derivatively, commenced this action against the owners of the building and their janitorial services contractor to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved pursuant to CPLR 3126 to strike the answer of the defendants American Express Company and American Express Travel Related Services Company, Inc. (hereinafter together the American Express defendants), based on their alleged failure to comply with discovery demands. In an order dated February 19, 2020, the Supreme Court granted the defendants' motion and denied the plaintiffs' cross-motion. The plaintiffs appeal.
The question presented in this case is whether, "under the prevailing conditions, the [defendants] fulfilled [their] duty to take appropriate measures to maintain the [area] where [the injured plaintiff] fell in a safe condition" (Keir v State of New York, 188 AD2d 918, 918 [internal quotation marks omitted]). In applying this standard, it must be recognized that a property owner is "not obligated to provide a constant remedy to the problem of water being tracked into a building in rainy weather" (Yearwood v Cushman & Wakefield, 294 AD2d 568, 568; see Miller v Gimbel Bros., 262 NY 107; Ruck v Levittown Norse Assoc., LLC, 27 AD3d 444, 445; Murphy v Lawrence Towers Apts., LLC, 15 AD3d 371, 371; Ford v Citibank, N.A., 11 AD3d 508, 509).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, through the deposition testimony of a porter assigned to the lobby area, that [*2]the floor underneath the revolving doors was mopped every 20 to 30 minutes and that, through this periodic mopping, they "took reasonable precautions to remedy the wet condition on [the] premises caused by the rain" (Murphy v Lawrence Towers Apts., LLC, 15 AD3d at 371; see Radosta v Schechter, 171 AD3d 1112, 1113-1114; Haque v Duane Reade, Inc., 70 AD3d 773, 774; Sook Ja Lee v Yi Mei Bakery Corp., 305 AD2d 579; Keir v State of New York, 188 AD2d at 919). In response to this showing, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court providently exercised its discretion in denying the plaintiffs' cross-motion to strike the American Express defendants' answers for failure to adequately comply with the plaintiffs' demand that they produce a witness for a deposition. The court correctly determined that the American Express defendants' production of a witness who responded to the accident was reasonable, and that any failure by the American Express defendants to comply with the plaintiffs' demand was not willful and contumacious (see Abdourahamane v Public Stor. Inst. Fund III, 190 AD3d 666, 667).
The plaintiffs' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, we affirm the order.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court