Villegas v East 191 St. Hous. Dev. Fund Corp. (2024 NY Slip Op 06680)

Villegas v East 191 St. Hous. Dev. Fund Corp.

2024 NY Slip Op 06680

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Index No. 810008/21 Appeal No. 3331 Case No. 2024-04732 

[*1]Jorge A. Villegas, Respondent,
v
East 191 Street Housing Development Fund Corporation, et al., Appellants.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Lara Liotti of counsel), for appellants.
Ginarte Gonzalez Winograd LLP, New York (Anthony F. DeStefano of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 22, 2024, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion to the extent plaintiff's negligence claim is based on the stair's worn and uneven condition, and otherwise affirmed, without costs.
The court properly denied defendants' motion for summary judgment dismissing plaintiff's claims based on a wet condition on the stairs (see Barreto v Grote St. Apts., L.P., 201 AD3d 401, 401 [1st Dept 2022]). Plaintiff testified that he slipped and fell because there was a clear liquid on the floor that went from the top of the stairway where he was standing to the bottom of the landing.
Defendants failed to demonstrate that they lacked actual notice of the wet condition on their stairway before the accident. Although defendants' superintendent testified that he was unaware of any complaints or prior accidents on the stairway before plaintiff's fall, he also testified that he could not recall whether he worked on the day of the accident or what he did that day. Furthermore, although the superintendent testified that no complaints were made "directly" to him about the condition or prior accidents on the stairway before plaintiff's fall, he testified that tenants would complain to the premises' management office, who would in turn notify him about the issue. However, no affidavit was submitted from someone with knowledge as to whether the management office received a complaint about the stairway's condition before the accident (see Nova v K & B Furniture Co., 262 AD2d 243, 244 [1st Dept 1999]).
Defendants also failed to establish that they lacked constructive notice of the wet condition. They failed to offer specific evidence as to their activities on the day of the accident, including evidence indicating the last time the staircase was inspected or maintained before the accident (see Williams v New York City Hous. Auth., 99 AD3d 613 [1st Dept 2012]; Aviles v 2333 1st Corp., 66 AD3d 432 [1st Dept 2009]). Defendants' superintendent testified that he had no personal knowledge of the condition of the stairway on the day of the accident, and defendants submitted no records or cleaning logs (see Castillo-Sayre v Citarella Operating LLC, 195 AD3d 513 [1st Dept 2021]; Cruz v City of New York, 81 AD3d 505, 505 [1st Dept 2011]). The superintendent's testimony that, in general, the stairway was cleaned on a daily basis, is not germane to the dispositive issue of lack of notice of the wet condition on the day of the accident (see Gautier v 941 Intervale Realty LLC, 108 AD3d 481, 481-482 [1st Dept 2013]).
Furthermore, defendants failed to demonstrate that they did not cause or create the alleged condition because they did not submit an affidavit or deposition testimony from someone with personal knowledge on that issue (see O'Connor v Tishman Constr. Corp., 182 AD3d 502, 504 [1st Dept 2020]; Dorsey v Les Sans Culottes[*2], 43 AD3d 261 [1st Dept 2007]).
However, defendants demonstrated prima facie that the alleged worn and uneven condition of the steps upon which plaintiff slipped and fell did not proximately cause the accident. Plaintiff was asked at his deposition if there was anything else that contributed to his fall apart from the wet condition, and he responded "no." Plaintiff did not otherwise testify that any worn condition contributed to his fall. Thus, he failed to raise a triable issue as to whether the worn and uneven condition of the subject stair proximately caused his fall.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024