Kent v Bernstein (2026 NY Slip Op 01917)

Kent v Bernstein

2026 NY Slip Op 01917

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Moulton, J.P., Kennedy, Rodriguez, Michael, Chan, JJ. 

Index No. 152536/22 |Appeal No. 6235|Case No. 2025-05052|

[*1]Harvey Kent et al., Plaintiffs-Respondents,
vStephen Bernstein et al., Defendants-Appellants.

Cuomo LLC, Mineola (Matthew A. Cuomo of counsel), for appellants.
Kane Kessler, P.C., New York (John Reklaitis of counsel), for respondents.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered July 25, 2025, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiffs' cooperative apartment was damaged from a water leak that originated from a clogged roof drain on defendants' terrace. The leak occurred during the course of a September 2021 storm. Defendants contend that the cooperative's course of conduct in maintaining the terrace roof drain for years waived, as a matter of law, any requirement in the proprietary lease that defendants maintain their roof drain. Both defendants submitted affirmations attesting that they understood the cooperative to be responsible for cleaning the terrace roof, including clearing any drains on the roof, and that they were never asked or instructed by the cooperative to maintain the roof since they began residing in the apartment in 2003. Defendants also submitted the testimony of the building's superintendent that he was directed by the cooperative's managing agent to inspect and clear the terrace roof drain before the storm and that this was standard procedure in advance of a storm.
Defendants' evidence is insufficient to establish prima facie entitlement to summary judgment as to waiver of the proprietary lease's requirement that they maintain the terrace drains because it does not establish, as a matter of law, a clear intent on the part of the cooperative to relinquish a known right (see Hadden v Consolidated Edison Co. of N.Y., 45 NY2d 466, 469 [1978]; Parlux Fragrances, LLC v S. Carter Enters., LLC, 204 AD3d 72, 87 [1st Dept 2022]). Moreover, even if the cooperative waived a contractual duty, defendants may still have a common-law duty to maintain the roof drain as part of their general duty to protect against dangerous conditions on their property (see Tushaj v Elm Mgt. Assoc., 293 AD2d 44, 47 [1st Dept 2002]).
As to defendants' response to the incident, defendant Stephen Bernstein testified that he immediately called the building doorman for assistance upon becoming aware of the leak during the storm. However, the superintendent testified that he was not contacted by defendants but rather by the residents of another apartment regarding the leak. He testified that upon entering defendants' apartment, he immediately accessed the drain by lifting the paver cutout and clearing the drain with his hands, which allowed the accumulated water to immediately drain. Based on this evidence, there is an issue 0f fact as to whether defendants failed to timely address the leak after becoming aware of it by either attempting to cure it themselves or notifying building staff (see Silverman v Perlbinder, 307 AD2d 230, 231 [1st Dept 2003]).
Defendants argue that they did not experience a blockage of the drain before the September 2021 storm and did not have notice of the deteriorated flashing before the storm. Nonetheless, the salient issue is whether Stephen acted negligently after he did become aware of the leak (see Andre v Pomeroy, 35 NY2d 361, 364 [1974]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026