■ CECELIA ABRAHAM, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, and ACADEMY BUS, INC., Also Known as ACADEMY MOTOR COACH TRANSPORTATION, Appellant. [815 NYS2d 38]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered December 16, 2004, which denied the motion of defendant Academy Bus for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of said defendant dismissing the complaint as against it.

At approximately 1:50 P.M. on August 30, 2002, plaintiff was injured when she slipped and fell on the platform at the Port Authority Bus Terminal in Manhattan as she was about to board one of defendant Academy's buses. It had been raining throughout the day in question, as a result of which the buses traveling in and out of the terminal were wet. As a consequence, substantial amounts of water accumulated on the loading platform, which was partially open to the elements. The driver,

Jose Martinez, had opened the luggage compartment and was standing near the door of the bus collecting tickets from the passengers, approximately 30 in all, who were on line. When a passenger had a large piece of luggage, it was put in the luggage compartment; as Martinez testified, "[m]ost people take the small" items onto the bus with them. It was the "passenger's choice." If a passenger wanted to load his/her bags into the luggage compartment, Martinez would lend assistance. While Martinez was aware that there was water on the platform, he did not warn the passengers; nor did he notice anyone cleaning or mopping the floor.

Plaintiff handed her ticket to Martinez and then attempted to load her bag herself since, as she testified, "it weighed barely nothing." After placing the bag into the luggage compartment, plaintiff fell "extremely fast and I just went down like that and everything went and the bag went and the purse went and sweater went and I went down." Plaintiff testified that where she slipped it was "mostly some water and oil mixed, you know," and that she knew it was oil "[b]ecause it was slippery and because I could feel it." When asked whether she felt "either of your feet slip at the time of the fall," plaintiff replied, "I honestly did not know. I went down fast." Plaintiff did not discern any color or odor in the area of her fall. Martinez did not see plaintiff fall. When he saw her lying on the platform, he summoned help. According to Martinez, there was no dangerous condition on the loading platform; had there been one, he would have reported it to the dispatcher.

When discovery was completed, Academy moved for summary judgment dismissing the complaint. The motion court denied the motion, finding "triable issues of fact as to whether Academy was negligent in failing to warn the passengers about the potentially dangerous condition on the boarding platform or failed [sic] to assist plaintiff in loading her luggage." The court further found, in response to Academy's argument that the responsibility for maintaining the boarding area rested with the Port Authority, that there were issues of fact as to whether Academy had control over the area where plaintiff fell. We disagree.

A common carrier is subject to the same duty of care as any other potential tortfeasor, i.e., reasonable care under the circumstances, and is not subject to a higher standard because of this status (Bethel v New York City Tr. Auth., 92 NY2d 348, 356 [1998]). A bus operator's duty of care to boarding passengers is to provide them with a reasonably safe passage onto the bus; the operator should not place the passenger in a position where

he or she must follow a dangerous path in order to board the bus (*Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 107 [1987], *affd* 72 NY2d 888 [1988]). Academy had no duty to maintain the platform, which was the responsibility of the Port Authority (*see Gibbs v Port Auth. of N.Y.*, 17 AD3d 252, 254 [2005]).

Here, the evidence shows that Academy acted reasonably in providing plaintiff with a "clear, direct and safe path" (*Blye*, 124 AD2d at 112) to the passenger door of the bus. But rather than take this path, plaintiff elected to walk alongside the bus and place her bag in the underneath luggage compartment. Plaintiff did not tell the driver that she intended to place her bag in the luggage compartment or ask for any assistance. Under such circumstances, there is no basis upon which to conclude that Academy breached any duty it owed to a boarding passenger. Plaintiff's reliance on Academy's Drivers Manual is misplaced since internal rules and manuals, to the extent they impose a higher standard of care than is imposed by law, are inadmissible to establish a failure to exercise reasonable care (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 329 [1991]; *Crosland v New York City Tr. Auth.*, 68 NY2d 165, 168-169 [1986]). In any event, plaintiff's reference to the section on baggage handling applies to charter buses, not, as is involved here, commuter service.

Moreover, Academy was entitled to summary judgment because it is well settled that there can be no liability in negligence for injuries sustained in a fall due to a weather-related condition occurring during an ongoing storm (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734 [2005]). Moreover, plaintiff is unable, in the circumstance of an ongoing storm, to establish notice. "A general awareness that the . . . platforms become wet during inclement weather was insufficient to establish constructive notice of the specific condition causing plaintiff's injury" (*id.* at 735).

Dismissal of the complaint should have been granted. Concur—Tom, J.P., Mazzarelli, Sullivan, Sweeny and Malone, JJ.