TERESA A. DOHERTY et al., Appellants, v SMITHTOWN CENTRAL SCHOOL DISTRICT, Respondent. [854 NYS2d 202]—

The injured plaintiff allegedly slipped and fell on water on the floor of the defendant's premises. The injured plaintiff was looking straight ahead, and she did not see the defect before the accident occurred. After she fell, she saw a four-foot area which was covered with spots of dirty water with footprints in them.

A defendant who moves for summary judgment in a slip-and-

fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Ames v Waldbaum, Inc.,* 34 AD3d 607 [2006]; *Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]). Only after the defendant has satisfied its threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409 [2004]).

Here, the defendant failed to submit evidence sufficient to establish that it did not have constructive notice of the alleged hazardous condition (*see Cox v Huntington Quadrangle No. 1 Co.,* 35 AD3d 523, 524 [2006]; *Ames v Waldbaum, Inc.,* 34 AD3d 607 [2006]; *Yioves v T.J. Maxx, Inc.,* 29 AD3d 572, 573 [2006]; *Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d at 437). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.