■ RUTH E. VENDURO, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents, and ADIRONDACK TRANSIT LINES, INC., Appellant. [873 NYS2d 534]—

The court found issues of fact as to whether Adirondack was responsible for maintenance of the platform under its agreement with defendant Port Authority, and whether Adirondack met its duty to deposit the passengers in a safe area. Contrary to the court's characterization, the agreement between these parties was a "licensing agreement," not a "lease." Adirondack's status as a licensee, without more, did not give rise to a duty to maintain the gate areas (*see Gibbs v Port Auth. of N.Y.*, 17 AD3d 252, 255 [2005]). The Port Authority retained primary responsibility for repair and maintenance of those areas (*see Abraham v Port Auth. of N.Y. & N.J.*, 29 AD3d 345, 347 [2006]), except for damage caused by Adirondack, of which there is no evidence here. As a common carrier, Adirondack had a duty to provide departing passengers with a safe place to exit the bus (*see e.g. Trainer v City of New York*, 41 AD3d 202 [2007]). Plaintiff does not allege that the driver parked the bus outside the bay or otherwise left it in a dangerous place. The evidence indicates that safe egress was available for the passengers by turning left and walking along the platform to the interior of the terminal. Adirondack thus met its obligation to provide a clear, direct and safe path (*see Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 112 [1987], *affd* 72 NY2d 888 [1988]) from the bus. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and DeGrasse, JJ.