■ ANNETTE YACOVELLI, Respondent, v PATHMARK STORES, INC., Appellant. [888 NYS2d 750]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated February 9, 2009, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On July 8, 2005, a day marked by intermittent rainfall, the plaintiff slipped and fell while entering the defendant's supermarket. The defendant had laid down two runners or mats at the store's entrance. One stretched from the first set of automatic doors through the vestibule to a few feet beyond the second set of automatic doors. The second runner started there and continued into the interior of the store. The plaintiff slipped on a section of exposed tile floor at the end, and to the right, of the first runner.

After the accident she noticed there had been an accumulation of water on the floor in the area where she fell. In addition, immediately prior to the accident, both of the doors leading into the store's vestibule and the interior door leading·from the vestibule into the shopping area remained fixed in an open position.

After issue was joined and discovery conducted, the defendant moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, inter alia, denied the defendant's motion, and we reverse the order insofar as appealed from.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating, through the affidavit of its former assistant store manager and the submission of a videotape of the accident site in the minutes leading up to the accident, that it neither created the alleged hazardous condition nor had actual or constructive notice of it. The defendant's former assistant manager averred that there was no accumulation of water at the location of the plaintiff's fall, just inside the entrance to the store, when he inspected the location three minutes before she allegedly fell. The videotape confirmed his presence there and also showed that there was a steady stream of pedestrian traffic into the store going past that location during the period of time immediately prior to the occurrence.

The evidence which the plaintiff submitted in opposition to the defendant's motion failed to raise a triable issue of fact (see CPLR 3212 [b]; Taylor v Jaslove, 61 AD3d 743, 744-745 [2009]; Perlongo v Park City 3 & 4 Apts., Inc., 31 AD3d 409, 411 [2006]; Chemont v Pathmark Supermarkets, 279 AD2d 545, 546 [2001]). Contrary to the plaintiff's contention, the defendant was not required to cover all of the floor space at the entrance to its store with mats (see Negron v St. Patrick's Nursing Home, 248 AD2d 687 [1998]). Moreover, there is no evidence in the record that the accumulation of water which allegedly caused the accident resulted from the doors being fixed in an open position. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.