◼ FRANK ZERILLI et al., Appellants, v WESTERN BEEF RETAIL, INC., Respondent. [898 NYS2d 614]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered December 29, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In a slip-and-fall case, the defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409 [2006]; *Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]; *Ford v Citibank, N.A.*, 11 AD3d 508 [2004]). Here, the defendant met its initial burden as the mov-

ant (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Miller v Gimbel Bros.*, 262 NY 107 [1933]). There was no evidence that the defendant created the alleged wet condition, and it "was not required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (*Negron v St. Patrick's Nursing Home*, 248 AD2d 687 [1998]; *see Rogers v Rockefeller Group Intl., Inc.*, 38 AD3d 747 [2007]; *Dubensky v 2900 Westchester Co., LLC*, 27 AD3d 514 [2006]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]). Further, the defendant demonstrated that it had no actual notice of the alleged wet condition. Moreover, as there was no evidence that the condition complained of was present for a sufficient period of time for the defendant to have discovered and remedied it, there was no basis for an inference that the defendant had constructive notice of the condition (*see Yacovelli v Pathmark Stores, Inc.*, 67 AD3d 1002 [2009]; *Ruck v Levittown Norse Assoc., LLC*, 27 AD3d 444 [2006]; *see also Sloane v Costco Wholesale Corp.*, 49 AD3d 522 [2008]; *Dwoskin v Burger King Corp.*, 249 AD2d 358 [1998]).

In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact as to whether the defendant had actual notice of a recurring hazardous condition such that it could be charged with constructive notice of the alleged wet condition which caused the injured plaintiff to fall (*see Yearwood v Cushman & Wakefield*, 294 AD2d at 569; *cf. Erikson v J.I.B. Realty Corp.*, 12 AD3d 344 [2004]; *Osorio v Wendell Terrace Owners Corp.*, 276 AD2d 540 [2000]; *Weisenthal v Pickman*, 153 AD2d 849 [1989]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Fisher, J.P., Santucci, Eng and Chambers, JJ., concur.