■ RAY-BEE CHANG et al., Appellants, v ADAMS FAIRACRE FARMS, INC., Respondent. [924 NYS2d 417]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Sproat, J.), dated July 6, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Ray-Bee Chang (hereinafter the injured plaintiff) was inside the defendant supermarket when she slipped and fell on a single green bean on the floor in the produce section.

In a slip-and-fall case, a defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681 [2010]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409 [2006]; *Murphy v Lawrence Towers Apts., LLC*, 15 AD3d 371 [2005]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The defendant's submissions showed that it did not create the complained-of condition (*see generally Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681 [2010]; *Negron v St. Patrick's Nursing Home*, 248 AD2d 687 [1998]). The defendant further demonstrated that it had no actual or construc-

tive notice of the alleged condition. Regarding constructive notice, the defendant demonstrated that the alleged condition was not present for a sufficient period of time for it to have discovered and remedied the condition (*see Mantzoutsos v 150 St. Produce Corp.*, 76 AD3d 549 [2010]; *Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681 [2010]; *Yacovelli v Pathmark Stores, Inc.*, 67 AD3d 1002 [2009]; *Ruck v Levittown Norse Assoc., LLC*, 27 AD3d 444 [2006]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant created the complained-of condition, or had actual or constructive notice thereof. Contrary to the plaintiffs' assertion, they failed to show that the defendant had actual notice of a recurring hazardous condition such that it could be charged with constructive notice of the condition which caused the injured plaintiff to fall (*see Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681 [2010]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568 [2002]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Eng and Roman, JJ., concur.