■ MARION FREISER, Respondent, v STOP & SHOP SUPERMARKET COMPANY, LLC, Appellant. [923 NYS2d 732]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered September 23, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

At approximately 12:00 P.M. on August 10, 2007, the plaintiff, upon entering the Stop & Shop supermarket in West Babylon, New York, which was owned and operated by the defendant, Stop & Shop Supermarket Company, LLC, allegedly slipped and fell in an area between the entrance and the cash registers. It is undisputed that it had been raining on the day of the accident and the supermarket's parking lot was wet. The plaintiff commenced this action to recover damages for personal injuries, alleging that a wet and dangerous condition existed on the floor in the supermarket and caused her accident. After joinder of issue, the defendant moved for summary judgment, arguing, inter alia, that it lacked constructive notice of the alleged condition.

"In a slip-and-fall case, the defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681, 681 [2010]; *see Yacovelli v Pathmark Stores, Inc.*, 67 AD3d 1002 [2009]).

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating, through the deposition testimony and affidavit of an employee, as well as the affidavit of its store manager, both of whom were after-the-accident witnesses, that it neither created the alleged hazardous condition nor had actual or constructive notice of it. According to the employee, there was no accumulation of water at the location of the plaintiff's fall when she observed the subject area approximately 15 minutes before the accident. Moreover, the employee did not see any wet condition on the floor after the plaintiff had fallen, but did notice that the soles of the plaintiff's shoes were wet. Additionally, the store manager stated that she had not been notified of any spill on the floor in the area in question prior to the accident. Further, in her deposition testimony, which was submitted by the defendant, the plaintiff stated that she slipped on water, but she did not give any additional description of the condition.

Contrary to the Supreme Court's determination, the plaintiff failed to raise a triable issue of fact. The plaintiff, in an affidavit submitted in opposition to the defendant's motion, stated, for the first time, in an apparent attempt to show that the alleged condition existed for a while prior to her fall, that it had "spec[k]s of mud" within it as well as multiple muddy footprints and "wagon track marks" around it. This affidavit, stating in essence that she had slipped on muddy water as opposed to water alone, contained details and observations that were different

from her deposition testimony. As such, it constituted an attempt to create a feigned issue of fact specifically designed to avoid the consequences of her earlier deposition testimony (*see Ruck v Levittown Norse Assoc., LLC*, 27 AD3d 444, 445 [2006]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.