Ester Kokin, Respondent, v Key Food Supermarket, Inc., Appellant. [935 NYS2d 66]—

On its motion for summary judgment dismissing the complaint, the defendant met its prima facie burden of establishing its entitlement to judgment as a matter of law by offering evidence that it neither created nor had actual or constructive notice of the allegedly dangerous condition (see *Gomez v David Minkin Residence Hous. Dev. Fund Co., Inc.*, 85 AD3d 1112 [2011]; *Freiser v Stop & Shop Supermarket Co., LLC*, 84 AD3d 1307, 1308 [2011]; *Boyar v New York City Tr. Auth.*, 10 AD3d 625, 626 [2004]). Contrary to the Supreme Court's determination, the plaintiff failed to raise a triable issue of fact in opposi-

tion to the defendant's prima facie showing. In an affidavit submitted in opposition to the defendant's motion, the plaintiff stated for the first time, in an apparent attempt to show that the alleged condition was created by the defendant's employees, that on the date of the accident, she had watched store employees returning wet vegetables onto the shelves in the aisle where she slipped and fell. This affidavit, stating in essence that she had slipped on water left by the defendant's employees, contained details and observations that were different from her deposition testimony. At her deposition, the plaintiff admitted that prior to her fall, she had not seen any employees in the aisle where the accident occurred, nor had she seen anyone stocking shelves at the time of the accident. Thus, the statements contained in the plaintiff's affidavit appear to have been an attempt to create a feigned issue of fact specifically designed to avoid the consequences of her earlier deposition testimony (*see Freiser v Stop & Shop Supermarket Co., LLC*, 84 AD3d at 1308-1309; *Capasso v Capasso*, 84 AD3d 997, 998 [2011]).

As to the plaintiff's claim that the defendant engaged in a routine watering of vegetables and that this routine resulted in the alleged wet and slippery condition of the produce aisle on the date of the accident, the plaintiff's submissions in opposition to the defendant's motion did not raise a triable issue of fact as to constructive notice under a recurrent condition theory. Even if the defendant was aware of a recurring water condition, that, by itself, would not be sufficient to establish constructive notice of the alleged wet condition that caused the plaintiff to slip and fall (*see Pinto v Metropolitan Opera*, 61 AD3d 949, 950 [2009]; *Arrufat v City of New York*, 45 AD3d 710 [2007]), since a general awareness of a recurring problem is insufficient, without more, to establish constructive notice of the condition causing the fall (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Eng and Austin, JJ., concur. **[Prior Case History: 30 Misc 3d 1219(A), 2011 NY Slip Op 50123(U).]**