██ Luisa Valentin, Appellant, v Shoprite of Chester et al., Respondents. [965 NYS2d 510]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated August 8, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In a slip-and-fall case, a defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the allegedly hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Petersel v Good

*Samaritan Hosp. of Suffern, N.Y.*, 99 AD3d 880 [2012]; *Johnson v Culinary Inst. of Am.*, 95 AD3d 1077, 1078 [2012]; *Amendola v City of New York*, 89 AD3d 775, 775 [2011]; *Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681 [2010]). Here, the defendants met their initial burden as the movants (*see Freiser v Stop & Shop Supermarket Co., LLC*, 84 AD3d 1307 [2011]; *Zerilli v Western Beef Retail, Inc.*, 72 AD3d at 682). There was no evidence that the defendants created the wet condition complained of near the entrance to their store, and they were "not required to cover all of [their] floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (*Negron v St. Patrick's Nursing Home*, 248 AD2d 687, 687 [1998]; *see Zerilli v Western Beef Retail, Inc.*, 72 AD3d at 682; *Rogers v Rockefeller Group Intl., Inc.*, 38 AD3d 747, 749 [2007]; *Dubensky v 2900 Westchester Co., LLC*, 27 AD3d 514 [2006]). Further, the defendants demonstrated that they had no actual notice of the wet condition. Moreover, the defendants' evidence demonstrated that the condition complained of was not present for a sufficient period of time for the defendants to have discovered and remedied it. Thus, there was no basis for an inference that the defendants had constructive notice of the condition (*see Freiser v Stop & Shop Supermarket Co., LLC*, 84 AD3d at 1307; *cf. Doherty v Smithtown Cent. School Dist.*, 49 AD3d 801 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact as to, among other things, whether the defendants had actual notice of a recurring hazardous condition such that they could be charged with constructive notice of the wet condition which caused the plaintiff to fall (*see Zerilli v Western Beef Retail, Inc.*, 72 AD3d at 682; *Pinto v Metropolitan Opera*, 61 AD3d 949, 950 [2009]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 411 [2006]; *Rogers v Rockefeller Group Intl., Inc.*, 38 AD3d at 750).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contention is academic in light of our determination. Mastro, J.P., Chambers, Hall and Lott, JJ., concur.