■ Seung Chul Na, Appellant, v JP Morgan Chase & Co. et al., Respondents. [1 NYS3d 125]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered April 8, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the morning of December 22, 2009, the plaintiff allegedly was injured when he slipped and fell on the floor of a bank branch of the defendant JP Morgan Chase & Co. (hereinafter Chase) located in Flushing. On that morning, according to the plaintiff, there was cleared snow on the streets and the sidewalks. In July 2010, the plaintiff commenced this action against Chase and the landlord of the bank branch's premises, the defendant Martin A. Gleason, Inc. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.

In a slip-and-fall case, a defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the allegedly hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Hartley v Waldbaum, Inc.*, 69 AD3d 902 [2010]; *Frazier v City of New York*, 47 AD3d 757 [2008]). Here, the defendants established, prima face, that they did not create the wet condition complained of near the entrance of the subject bank branch, and they were not obligated to continuously mop all moisture resulting from tracked-in water (*see Paduano v 686 Forest Ave., LLC*, 119 AD3d 845 [2014]; *Valentin v Shoprite of Chester*, 105 AD3d 1036 [2013]; *Ruck v*

*Levittown Norse Assoc., LLC*, 27 AD3d 444, 445 [2006]). The defendants submitted evidence that Chase employees at the subject bank branch were instructed to mop water on the floor as soon as they saw it. Further, the defendants submitted a surveillance video and the deposition testimony of a Chase employee demonstrating that the area of the floor where the plaintiff fell was mopped with a dry mop less than 30 minutes before the accident, and, in the interim, other customers traversed the same area without incident.

Regarding the issue of notice, the defendants demonstrated that they had neither actual nor constructive notice of the alleged wet floor condition (*see Ray-Bee Chang v Adams Fairacre Farms, Inc.*, 84 AD3d 1052, 1052-1053 [2011]). As to constructive notice, they demonstrated that the condition complained of was not present for a sufficient period of time for it to have been discovered and remedied. Thus, there was no basis to infer that the defendants had constructive notice of the condition (*see Valentin v Shoprite of Chester*, 105 AD3d at 1037; *Pinto v Metropolitan Opera*, 61 AD3d 949 [2009]; *Bernhard v Bank of Montreal*, 41 AD3d 180 [2007]).

In opposition, the plaintiff failed to raise a triable issue of fact as to, among other things, whether the defendants created the wet floor condition by inadequately mopping the floor prior to his accident, as such contention was based on mere speculation and conjecture (*see Valentin v Shoprite of Chester*, 105 AD3d at 1037; *Flahive v Union Coll.*, 99 AD3d 1151 [2012]; *Alvarez v American Intl. Realty Corp.*, 60 AD3d 793, 794 [2009]; *Campo-Joseph v King*, 277 AD2d 193 [2000]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.