◼ IRINA SESINA, Appellant, v JOY LEA REALTY, LLC, et al., Respondents. (And a Third-Party Action.) [999 NYS2d 854]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated December 7, 2012, which granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, her cross motion to disqualify the defendants' counsel.

Ordered that the order is reversed, on the law and in the

exercise of discretion, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination of the plaintiff's cross motion on the merits.

In a slip-and-fall case, a defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the allegedly hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Valentin v Shoprite of Chester*, 105 AD3d 1036, 1037 [2013]; *Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681, 682 [2010]). With respect to the issue of constructive notice, to meet its initial burden, "the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Rogers v Bloomingdale's, Inc.*, 117 AD3d 933, 933 [2014]; *Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051-1052 [2013]). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (*Herman v Lifeplex, LLC*, 106 AD3d at 1051).

Here, on their motion for summary judgment dismissing the complaint, the defendants failed to eliminate triable issues of fact as to whether they had constructive notice of the wet floor, since they failed to proffer any evidence demonstrating when the subject area was last cleaned or inspected prior to the plaintiff's accident (*see Rogers v Bloomingdale's, Inc.*, 117 AD3d at 934; *Babb v Marshalls of MA, Inc.*, 78 AD3d 976, 977 [2010]). The deposition testimony of the defendant Laurey G. Mogil only provided information about the building's general cleaning procedures without addressing when the vestibule where the accident occurred had last been inspected or cleaned prior to the happening of the accident (*cf. Pomahac v TrizecHahn 1065 Ave. of Ams., LLC*, 65 AD3d 462 [2009]; *Ford v Citibank, N.A.*, 11 AD3d 508 [2004]). Since the defendants did not establish their prima facie entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Since the Supreme Court denied, as academic, the plaintiff's cross motion to disqualify the defendants' attorney, we remit the matter to the Supreme Court, Kings County, for a determination of plaintiff's cross motion on the merits (*see Gosine v*

*Sahabir*, 91 AD3d 910, 911 [2012]; *Hunter Sports Shooting Grounds, Inc. v Foley*, 73 AD3d 702, 705 [2010]).

Based on the foregoing, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint and considered the plaintiff's cross motion to disqualify the defendants' attorney on the merits. Rivera, J.P., Roman, Duffy and Barros, JJ., concur.