■ Helena Grib, Appellant, v New York City Housing Authority, Respondent. [18 NYS3d 109]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated July 2, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly fell and sustained injuries after slipping on a wet floor in the hallway of the apartment building where she resided. The plaintiff thereafter commenced this action to recover damages for personal injuries against the defendant, which owned the building. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. We affirm.

In a slip-and-fall case, a defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Paduano v 686 Forest Ave., LLC*, 119 AD3d 845 [2014]; *Hernandez v New York City Hous. Auth.*, 116 AD3d 662 [2014]; *Valentin v Shoprite of Chester*, 105 AD3d 1036 [2013]; *Zerilli v Western Beef Retail, Inc.*, 72 AD3d 681, 681 [2010]; *Pinto v Metropolitan Opera*, 61 AD3d 949, 949-950 [2009]). A general awareness that water might be tracked into a building when it rains is insufficient to impute, to a defendant, constructive notice of the particular dangerous condition (*see Musante v Department of Educ. of City of N.Y.*, 97 AD3d 731, 731 [2012]). Moreover, a property owner is "not required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (*Negron v St. Patrick's Nursing Home*, 248 AD2d 687, 687 [1998]; *see Paduano v 686 Forest Ave., LLC*, 119 AD3d at 845; *Valentin v Shoprite of Chester*, 105 AD3d at 1037; *Orlov v BFP 245 Park Co., LLC*, 84 AD3d 764, 765 [2011]; *Zerilli v Western Beef Retail, Inc.*, 72 AD3d at 682).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by presenting evidence that it did not create or have actual or constructive notice of the alleged dangerous condition. In opposition, the plaintiff failed to raise a triable issue of fact.

In light of our determination, the parties' remaining contentions either have been rendered academic or are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.