Mandarano v PND, LLC (2018 NY Slip Op 00133)





Mandarano v PND, LLC


2018 NY Slip Op 00133


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-09765
 (Index No. 1574/14)

[*1]Angelo Mandarano, appellant, 
v
PND, LLC, et al., respondents.


Kramer & Pollack, LLP, Mineola, NY (Joshua D. Pollack of counsel), for appellant.
Martyn, Toher, Martyn & Rossi, Mineola, NY (Paul D. McBride of counsel), for respondents PND, LLC, and AN & Brothers, Inc.
Tromello, McDonnell & Kehoe, Melville, NY (A.G. Chancellor III of counsel), for respondents BBCN Bancorp., Inc., and BBCN Bank.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Buggs, J.), dated June 23, 2016, which granted the motion of the defendants PND, LLC, and AN & Brothers, Inc., for summary judgment dismissing the complaint insofar as asserted against them and, upon searching the record, awarded summary judgment to the defendants BBCN Bancorp, Inc., and BBCN Bank, dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff allegedly was injured when he slipped and fell on a large piece of wet cardboard during a rainstorm. The cardboard was located on the public sidewalk adjacent to a building in Manhattan owned by the defendants PND, LLC, and AN & Brothers, Inc. (hereinafter together the PND defendants), and leased in part to the defendants BBCN Bancorp, Inc., and BBCN Bank (hereinafter together the BBCN defendants). Following discovery, the PND defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion and, upon searching the record, awarded summary judgment in favor of the BBCN defendants. The plaintiff appeals.
A defendant that moves for summary judgment in a trip-and-fall case has the initial burden of establishing, prima facie, that it neither created nor had actual or constructive notice of the alleged hazardous condition (see Jackson v Jamaica First Parking, LLC, 91 AD3d 602, 603; Freiser v Stop & Shop Supermarket Co., LLC, 84 AD3d 1307, 1308; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598). To constitute constructive notice, a defect must be visible and apparent for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 838; Birnbaum v New York Racing Assn., Inc., 57 AD3d at 598-599; Bykofsky v Waldbaum's Supermarkets, 210 AD2d [*2]280).
Contrary to the plaintiff's contention, the PND defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence of their trash collection and disposal practices, deposition testimony regarding the routine cleaning of the sidewalk each morning, and deposition testimony from several witnesses who walked through the area shortly before the plaintiff's accident and did not observe the condition that allegedly caused his fall (see e.g. Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037, 1038; Freiser v Stop & Shop Supermarket Co., LLC, 84 AD3d at 1308). In opposition, the plaintiff presented speculative arguments that were insufficient to raise a triable issue of fact (see Arslan v Richmond N. Bellmore Realty, LLC, 79 AD3d 950, 951; Kaufman v Man-Dell Food Stores, 203 AD2d 532, 533).
Accordingly, the Supreme Court properly granted the PND defendants' motion for summary judgment. Moreover, given the evidence presented on the motion, the court properly exercised its authority pursuant to CPLR 3212(b) in searching the record and awarding summary judgment to the nonmoving BBCN defendants with respect to an issue that was the subject of the motion before the court (see Sang Woon Lee v Il Mook Choi, 132 AD3d 969, 971; Bernal v 521 Park Ave. Condo, 128 AD3d 750, 751).
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court