Jones v Icahn Assoc. Corp. (2019 NY Slip Op 04886)





Jones v Icahn Assoc. Corp.


2019 NY Slip Op 04886


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Gische, J.P., Webber, Kahn, Kern, JJ.


9655 305121/14

[*1]Johanna Beltran Jones, Plaintiff-Appellant,
v
Icahn Associates Corp., et al., Defendants, Inwood Opportunity LLC, et al., Defendants-Respondents.


Pena & Kahn, PLLC, Bronx (Diane Welch Bando of counsel), for appellant.
Gordon & Silber, PC, New York (Andrew B. Kaufman of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr. J.), entered on or about May 18, 2018, which granted defendants Inwood Opportunity LLC and Icahn Charter School 3's motion for summary judgment dismissing the complaint and any cross claims against them, unanimously affirmed, without costs.
Defendants Inwood Opportunity LLC and Icahn Charter School 3 established prima facie entitlement to summary judgment (see Weinberger v 52 Duane Assoc., LLC, 102 AD3d 618, 619 [1st Dept 2013]). Defendants submitted evidence sufficient to establish that a rainstorm had started prior to plaintiff's fall, and that the fall was the result of rainwater that had been tracked into the school building and onto the stairs by students descending the stairs toward a basement cafeteria within 10 minutes of the accident (see id.; Richardson v S.I.K. Assoc., L.P., 102 AD3d 554 [1st Dept 2013]; Hussein v New York City Tr. Auth., 266 AD2d 146 [1st Dept 1999]; Abraham v Port Auth. of N.Y. & N.J., 29 AD3d 345, 347 [1st Dept 2006]). Defendants also established that they did not create the hazard at issue, which had been present for approximately 10 minutes, and had no actual or constructive notice of it.
In opposition, plaintiff failed to raise a triable issue of fact. Defendants placed mats by the entryways, which were cleaned on a nightly basis, and an employee of defendants who informed people to be careful was stationed by the entryway. While defendants were aware that rainwater had been tracked into the building and onto the stairs in the past, a general awareness that the stairs could become wet during inclement weather is insufficient to raise a triable issue of fact as to whether defendants had constructive notice of the specific condition that caused the accident here (see Naulo v New York City Bd. of Educ., 71 AD3d 651, 652 [2d Dept 2010]; Abraham, 29 AD3d at 347; Solazzo v New York City Tr. Auth., 21 AD3d 735, 736 [1st Dept 2005], affd 6 NY3d 734 [2005]; Grib v New York City Hous. Auth., 132 AD3d 725 [2d Dept 2015]). Defendants were not required to cover all of the school floors with mats nor were they required to continuously mop up all of the moisture resulting from the tracked-in rain (Naulo at 651; Hussein at 146-147). Plaintiff's contention that she may have slipped on water that had been tracked up from the downstairs cafeteria is speculative and does not create an issue of fact warranting the denial of summary judgment (see generally Talamas v Metropolitan Transp. [*2]Auth., 120 AD3d 1333, 1335 [2d Dept 2014]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK