Allen v Federation of Jewish Philanthropies of N.Y. (2019 NY Slip Op 06462)





Allen v Federation of Jewish Philanthropies of N.Y.


2019 NY Slip Op 06462


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-01660 
2018-04606
 (Index No. 511517/14)

[*1]Tinesha Allen, appellant, 
v
Federation of Jewish Philanthropies of New York, etc., defendant, Hebrew Educational Society, respondent.


Burns & Harris, New York, NY (Jason S. Steinberg of counsel), for appellant.
Rubin, Fiorella & Freidman LLP, New York, NY (Stewart B. Greenspan of counsel), for respondent and defendant Federation of Jewish Philanthropies of New York.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Debra Silber, J.), entered December 26, 2017, and (2) an order of the same court dated March 1, 2018. The judgment, insofar as appealed from, upon a jury verdict on the issue of liability finding the plaintiff 40% at fault and the defendant Hebrew Educational Society 60% at fault in the happening of the accident, and upon the granting of the motion of the defendant Hebrew Educational Society pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant. The order dated March 1, 2018, denied the plaintiff's motion for leave to reargue her opposition to the motion of the defendant Hebrew Educational Society to set aside the jury verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it.
ORDERED that the judgment is reversed insofar as appealed from, on the law, the motion of the defendant Hebrew Educational Society pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against it is denied, the complaint insofar as asserted against that defendant and the jury verdict on the issue of liability are reinstated, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages; and it is further,
ORDERED that the appeal from the order dated March 1, 2018, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On February 4, 2014, the plaintiff allegedly was injured when she slipped and fell on the floor in the "cubby area" of her child's classroom at a preschool in Brooklyn. On the date of the accident, there was snow and slush on the ground outside.
The plaintiff commenced this action against the defendant Hebrew Educational Society (hereinafter the defendant), and another defendant. The case proceeded to trial on the issue of the defendant's liability based on the theory that the defendant had actual notice of the alleged wet condition in the area where the plaintiff fell and failed to remedy it within a reasonable time.
At trial, the head teacher of the subject classroom testified that she was aware that water accumulated during inclement weather in the cubby area of the classroom because it was "where there was the most action in terms of people walking." She testified that when she arrived in the classroom on the date of the accident at approximately 7:30 a.m., she placed paper towels on the floor in the cubby area to "avoid any possible snow or water entering [the] classroom" and called the maintenance staff to request that they provide "something stronger to adhere to the floor"; nothing was ever provided. Although the head teacher testified that she did not observe any "leaks" on the floor at that particular location, she acknowledged that she had to replace the wet paper towels with dry ones as the children and parents arrived in the classroom. The assistant teacher of the subject classroom also testified at trial. According to her, at approximately 8:30 a.m., she observed snow being tracked into the classroom and called the maintenance staff to mop it up. She testified that no one came and that the wet condition remained on the floor "by the cubbies" for approximately an hour before the plaintiff's accident, which occurred at approximately 9:25 a.m. At trial, the plaintiff acknowledged that when she entered the preschool, there was "some" snow on her shoes and that she was in the classroom for "[a] few minutes" prior to her fall.
The jury found the plaintiff 40% at fault and the defendant 60% at fault in the happening of the accident. After the jury was dismissed, the defendant moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it. The motion was granted, and a judgment was entered on December 26, 2017, inter alia, in favor of the defendant and against the plaintiff, dismissing the complaint insofar as asserted against the defendant. The plaintiff appeals.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented'" (Barril v McClure, 163 AD3d 752, 752-753 [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Feldman v Knack, 170 AD3d 667, 669 [internal quotation marks omitted]; see Cram v Keller, 166 AD3d 846, 847).
Contrary to the Supreme Court's determination, there was legally sufficient evidence to support the jury's verdict. Although a defendant is not required to "provide a constant remedy to the problem of water being tracked into a building during inclement weather, and has no obligation to cover all of its floors with mats or to continuously mop up all moisture resulting from tracked-in precipitation" (Paduano v 686 Forest Ave., LLC, 119 AD3d 845, 845 [citations omitted]; see Grib v New York City Hous. Auth., 132 AD3d 725, 726), a defendant may be held liable for an injury proximately caused by a dangerous condition created by water, snow, or ice tracked into a building if it either created the hazardous condition, or had actual or constructive notice of the condition and a reasonable time to undertake remedial action (see Yarosh v Oceana Holding Corp., 172 AD3d 1142, 1143). Here, evidence was presented at trial demonstrating that the defendant had actual notice of the wet condition in the area where the plaintiff fell approximately an hour before the accident, yet failed to remedy it. Inconsistencies between the assistant teacher's trial testimony and her deposition testimony were raised at trial and fully explored on cross-examination, and presented an issue of credibility for the jury to resolve (see Cetoute v Sidney, 167 AD3d 565, 567; Aronov v Kanarek, 166 AD3d 574, 575). Contrary to the defendant's contention, the assistant teacher's testimony was not incredible as a matter of law inasmuch as it was not "manifestly untrue, physically impossible, or contrary to common experience" (see Fruendt v Waters, 164 AD3d 559, 560; Zapata v Buitriago, 107 AD3d 977, 979).
Accordingly, viewing the evidence in the light most favorable to the plaintiff, and affording her every favorable inference which may properly be drawn from the facts presented, there is a valid line of reasoning and permissible inferences could lead rational individuals to the jury's conclusion that the defendant was negligent in failing to maintain the premises in a reasonably safe condition and that its negligence was a substantial factor in causing the plaintiff's accident (see generally Gonzalez v Board of Educ. of City of N.Y., 165 AD3d 1065, 1066-1067). We therefore reverse the judgment insofar as appealed from, deny the defendant's motion, reinstate the complaint insofar as asserted against the defendant and the jury verdict on the issue of liability, and remit the matter to the Supreme Court, Kings County, for a trial on the issue of damages.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court