| **Baptiste v New York City Tr. Auth.** |
| 2024 NY Slip Op 32401(U) |
| July 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151283/2019 |
| Judge: Denise M. Dominguez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DENISE M DOMINGUEZ**                    PART                    35

*Justice*

--------------------------------------------------------------------------X

JAMALCO BAPTISTE

                                Plaintiff

- v -

NEW YORK CITY TRANSIT AUTHORITY, METROPOLITAN
TRANSPORTATION AUTHORITY

                          Defendants

--------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151283/2019 |
| MOTION SEQ. NO. | 003 |

**DECISION AND ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 86, 87, 88, 89, 90, 91, 92, 93, 94, 95

were read on this motion to/for _____REARGUMENT/RECONSIDERATION_____.

For the reasons that follow, Plaintiff's motion to reargue this Court's decision that granted summary judgment to Defendants, New York City Transit Authority and Metropolitan Transportation Authority (Transit) is denied.

In this slip and fall personal injury matter, a summary judgment motion in favor of Transit was granted on November 20, 2023. Plaintiff now timely moves for leave to reargue and upon granting leave argues that Transit's motion should have been denied as Transit did not properly establish the snow in progress doctrine. Plaintiff specifically alleges that Transit did not submit a certified weather report, did not establish when the area was last cleaned or inspected, and that Transit's own witness did not corroborate the weather conditions.

Pursuant to CPLR 2221[d] a motion to reargue a prior decision is granted only upon a showing that the court overlooked or misapprehended the facts or the law or mistakenly arrived at its earlier decision (CPLR 2221[d]; see *William P. Pahl Equip. Corp. v. Kassis*, 182 AD2d 22 [1st Dept 1992]).

**151283/2019   BAPTISTE, JAMALCO vs. NEW YORK CITY TRANSIT**
**Motion No.  003**

Page 1 of 4

1 of 4

[* 1]

Regarding the storm in progress doctrine, a property owner or a public entity such as Transit, is not liable for injuries sustained during falling snow or precipitation nor for a reasonable time thereafter the storm, as property owners do not have a duty to remedy such conditions during a storm (*Valentine v. City of New York*, 86 AD2d 381 [1st Dept 1982]). Further the *storm in progress* doctrine has been held to apply to both exterior and interior walkways, including wet and slippery station platforms, subway station floors and subway station stairways (*see Abraham v. Port Auth. of New York & New Jersey*, 29 AD3d 345 [1st Dept 2006], *see also Solazzo v. New York City Transit Auth.*, 21 AD3d 735 [1st Dept 2005]; *Kinberg v. New York City Transit Auth.*, 99 AD3d 583 [1st Dept 2012]). "[A]s it is unreasonable to require the Transit Authority to keep the floors of subway cars clean and dry during ongoing storms, when the subway cars are continuously filled with wet commuters... similarly, a station floor cannot be effectively kept dry in such circumstances." (*Hussein v. New York City Transit Auth.*, 266 AD2d 146 [1st Dept 1999]).

Here, the Court considered all the evidence submitted, including the notice of claim filed within a month after the accident, Plaintiff's statutory hearing testimony held less than three (3) months after the accident, Plaintiff's deposition testimony held less than two (2) years after the accident, photographs, and the uncertified weather reports to conclude that on the date and time of the accident the snow in progress doctrine applied as snow was falling and Plaintiff, a police officer in pursuit of a criminal suspect, slipped and fell on a wet step of a stairway at the subject subway station. In addition, Plaintiff as an officer of the law established through his sworn testimonies at the statutory hearing and deposition that it was snowing at the time of his accident.

This Court also considered Plaintiff's opposing affidavit. In opposing Transit's summary judgment motion, Plaintiff submitted an affidavit dated four (4) years after the alleged accident (NYSCEF Doc. 71). There Plaintiff changed his prior testimony and asserted that he did not recall

**151283/2019 BAPTISTE, JAMALCO vs. NEW YORK CITY TRANSIT**
Motion No. 003

Page 2 of 4

2 of 4

[* 2]

whether it was snowing at the time of his accident and that the snow/ice had been present for quite some time. Upon reviewing it, this Court found it insufficient to raise a material question of fact. As an affidavit by an interested party such as a plaintiff, that contradicts prior sworn statements does not create an issue of fact sufficient to defeat a properly supported motion for summary judgment (*Harty v. Lenci*, 294 AD2d 296 [1st Dept 2002]; *see Alston v. Elliott*, 159 AD3d 575 [1st Dept 2018]). Instead, at most, it creates a feigned issue of fact (*id.*)

Nor did the testimony by Transit's witness who did not recall the weather conditions or when the area was last inspected or cleaned raise material issues of facts warranting denial of Transit's motion. Transit's Cleaner, Jennifer Johnson, was deposed approximately three (3) years after the accident. She testified that prior to the deposition she was not aware of any accident, nor the weather conditions and did not recall being at the subject subway station until she reviewed a log-book at the deposition (NYSCEF Doc. 75). Consequently, this testimony by a non-party, who does not have an interest in the outcome of this action, given approximately three (3) years after the accident and during the Covid-19 pandemic, did not outweigh Plaintiff's multiple testimonies given closer in time in which he attested that snow was falling on the date of his accident. Nor does it out weight Plaintiff's notice of claim filed less than a month after the accident also attesting to the "presence of snow" (NYSCEF Doc. No 27).

Regarding the uncertified National Oceanic and Atmospheric Admiration (NOAA) report, this Court agrees it would have been a better practice for Transit to submit a certified report. However, in light of the additional evidence submitted, the uncertified report from a national weather agency was not fatal (*see e.g. Solazzo*, 21 AD3d 735). The copy of the NOAA report reflected weather readings from Central Park in Manhattan for the month of November and for the date of the subject accident. Notably this accident allegedly occurred at the 59th Street Columbus

**151283/2019  BAPTISTE, JAMALCO vs. NEW YORK CITY TRANSIT**
Motion No. 003

Page 3 of 4

[* 3]

Circle subway station and this Court takes judicial notice to its proximity to Central Park. The NOAA report also provided detailed data regarding temperature and precipitation readings throughout the day on November 15, 2018. As per the NOAA report, over 6 inches of snow fell, and the temperature ranged from 40°F to 28°F on November 15, 2018. (NYSCEF Doc. 62). In contrast, Plaintiff's uncertified weather report stating that there was no precipitation on November 15, 2018 did not provide details nor its source (NYSCEF Doc. 76). Nor did Plaintiff or Plaintiff's counsel make any attempt to identify or explain in their affidavits and affirmations the source of the document, preventing this Court from even inferring any truthfulness. Thus, Plaintiff's weather report was inadmissible and feign in worthiness to raise a material question of fact.

Accordingly, upon reconsideration, Plaintiff has not made a showing that this Court's prior decision overlooked or misapprehended facts or existing law.

Therefore, it is hereby

ORDERED that Plaintiff's motion for leave to reargue is denied; and it is further

ORDERED that within 20 days from the entry of this order, Plaintiff shall serve a copy of this order with notice of entry upon all parties and upon the Clerk of the Court in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

| 7/12/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **DENISE M DOMINGUEZ, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151283/2019 BAPTISTE, JAMALCO vs. NEW YORK CITY TRANSIT**
**Motion No. 003**

Page 4 of 4